IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02830-PAB

FRANCISCO MIGUEL JULIAN MIGUEL,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center,
GEORGE VALDEZ, in his official capacity as Field Officer Director of the Aurora Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement,
DAVID J. VENTURELLA, in his official capacity as Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Francisco Miguel Julian Miguel's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1]. Respondents filed a response. Docket No. 6.

## I. BACKGROUND[1]

Petitioner is a citizen of Guatemala. Docket No. 1 at 2, ¶ 1. Petitioner entered the United States without inspection on or about 2014. *Id.*, ¶ 3. On or about May 25,

---

[1] The following facts are taken from the habeas petition. Docket No. 1. Respondents do not dispute any facts and do not provide any facts of their own. *See generally* Docket No. 6.

2026, Immigration and Customs Enforcement ("ICE") arrested petitioner without a warrant in Parkland, Florida.  *Id.*, ¶ 1.  After petitioner was detained, he was issued a Notice to Appear and placed in removal proceedings.  *Id.*, ¶ 5.  Petitioner is currently detained at the Contract Detention Facility in Aurora, Colorado.  *Id.*, ¶ 2.  Petitioner claims, and respondents do not dispute, that his detention is governed by 8 U.S.C. § 1226(a).  *Id.* at 11, ¶ 24.

On June 23, 2026, petitioner filed a petition for writ of habeas corpus, asserting five claims for relief, including a claim that his arrest without a warrant is in violation of 8 U.S.C. § 1226(a).  *Id.* at 24-28, ¶¶ 79-105.  On July 6, 2026, respondents filed a response, stating that they "are not submitting a brief in opposition to the Petition."  Docket No. 6 at 2.  Respondents "recognize that the Court may then decide to grant the Petition and award appropriate relief."  Docket No. 6 at 2.

## II.  ANALYSIS

Title 8 U.S.C. § 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."[2]  8 U.S.C. § 1226(a) (emphasis added).  Petitioner asserts that he was arrested without a warrant.  Docket No. 1 at 9, ¶ 20.  For support, petitioner cites an exhibit showing that ICE's record of detention does not state that petitioner was served a proper Form I-200.  *Id.* (citing Docket No. 1-2 at 15-17).  Petitioner also cites his Notice to Appear, which indicates that it was not issued until after petitioner's arrest.  *Id.* (citing Docket No. 1-2 at 10).  Federal regulations state that

---

[2] The type of warrant issued by immigration officers is known as Form I-200.  *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

a Form I-200 arrest warrant cannot be issued until the time that a Notice to Appear is issued, or any time thereafter.  *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (citing 8 C.F.R. §§ 236.1, 1236.1).  Respondents do not contest petitioner's assertion that he was arrested without a warrant.  *See generally* Docket No. 6.  The Court therefore finds that petitioner was arrested without a warrant.

There are exceptions to § 1226(a)'s warrant requirement.  Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2).  Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5).  "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context."  *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357.  *See generally* Docket No. 6.  Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner, and petitioner's detention is thus unlawful.  *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release.  *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted sub nom.*, 2026 WL 1452463 (W.D. Okla. May 22, 2026).  "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued

4

detention is unlawful and release is the only permissible remedy*." Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.[3]

## III. CONCLUSION

Therefore, it is

**ORDERED** that Francisco Miguel Julian Miguel's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED July 14, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[3] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's four other claims for relief.